UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MOISES E. BURE,

    Plaintiff,

vs.    Case No. 2:12-cv-248-FtM-29SPC

ROBERT HEMPHILL, M.D.,

    Defendant.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon initial review of the file. Plaintiff Moises Bure, proceeding *pro se*, initiated this action as a prisoner in the custody of the Florida Department of Corrections by filing a Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on May 4, 2012. Plaintiff seeks leave to proceed *in forma pauperis*. See Docs. #2, #3, #8.

The Prison Litigation Reform Act, which governs this action, contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." Smith v. Fla. Dep't of Corr., 369 F. App'x 36, 39-40 (11th Cir.

2010)(quoting Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002)).

The Court takes judicial notice of the following cases Plaintiff filed in the United States District Court for the Southern District of Florida, or on appeal therefrom, which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) 1:03-cv-23376; (2) 1:07-cv-22033; and, (3) 1:09-cv-23707.[1] Thus, Plaintiff qualifies as a three-striker under § 1915(g). Consequently, the Court must determine whether the Complaint sufficiently alleges that Plaintiff is under "imminent danger of serious physical injury" before granting Plaintiff's motion to proceed *in forma pauperis*. Smith v. Clemons, 2012 WL 447415 *1 (11th Cir. 2012)(citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).

Accepting the facts Plaintiff alleges as true and liberally construing the Complaint, Plaintiff claims that Defendant Doctor Hemphill has denied him medical care for the pain he feels "around my eyes, head, both side of my head and go [sic] down to my teeth and the pain comes and go[es] at anytime." Complaint at 8. Plaintiff states that he has only received "ibuprofen," which is not helping him at all. Id. Plaintiff states that the doctor told him he has "'sinus', [sic] but they never done any test to

---

[1] A pacer search reveals that Plaintiff has filed approximately 14 civil actions in the United States District Court for the Southern District of Florida.

determine if it is 'sinus' because they are refusing to take me to see a specialist." Id. at 8-9. Plaintiff further complains that "every time . . . [he] needs pain killer [he] has to fill out a [sic] inmate sick call request and charged five (5) dollars." Id. at 9. As relief, Plaintiff requests that the Court order Defendant to take Plaintiff to an eye specialist for a CT scan like the eye specialist from Miami recommended." Id. at 10. Plaintiff also seeks 100,000 in monetary damages.

The Court takes judicial notice of Case Number 1:11-cv-21459, which Plaintiff filed in the United States District Court for the Southern District of Florida while he was in prison at Miami-Dade County corrections and Rehabilitations Department. See Case No. 1:11-cv-21459. In this case, the Court noted that Plaintiff was a three striker, but permitted Plaintiff leave to proceed as a pauper because his § 1983 Complaint alleged imminent danger. Id., Doc. #77. Similar to the instant action, Plaintiff filed Case Number 1:11-cv-21459 against a doctor and another corrections staff, alleging that the defendants were deliberately indifferent to his eye condition. This record reveals that Plaintiff began experiencing this eye condition in March 2010. See id. at 9 (setting forth time line of events and treatment). On February 10, 2012, the Court granted the Defendants' motion for summary judgment. Id. In pertinent part, the Court assumed *arguendo* that Plaintiff's medical condition constituted a serious medical

condition, but found that the Defendants did not act with deliberate indifference because Plaintiff's eye condition was examined and necessary steps were taken to evaluate and treat Plaintiff's medical condition. Id. at 23-27. Based on the foregoing, the Court finds Plaintiff's Complaint does not contain sufficient facts showing that he is under imminent danger of serious physical harm. Although Plaintiff using conclusory terms alleges that he is under such danger, the Court takes judicial notice of the previous action Plaintiff filed regarding his eye condition, in which shows the Court determined after summary judgment that Plaintiff was receiving treatment for this condition he has been experiencing since March 2010. Moreover, the instant Complaint and exhibits attached thereto show that medical staff at Charlotte Correctional are evaluating Plaintiff's medical condition and giving him Ibuprofen for pain, as recommended by Bascom Palmer Eye Institute.[2] See Doc. #1-1 at 4. Plaintiff disagreement with this method of treatment does not constitute deliberate indifference. Jackson v. Jackson, 456 F. App'x 813 (11th Cir. 2012)(recognizing that a difference of medical opinion does not amount to deliberate indifference); Smith v. Fla. Dep't of Corr., 375 F. App'x 905 (11th Cir. 2010).

ACCORDINGLY, it is hereby

---

[2] Bascom Palmer Eye Institute, University of Miami Health System.

**ORDERED:**

1. The Complaint (Doc. #1) is **DISMISSED** without prejudice pursuant to § 1915(g). Plaintiff may re-file his Complaint by paying the $350.00 filing fee.

2. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any outstanding motions; and (3) close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __18th__ day of May, 2012.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record